**F I L E D**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

IN THE UNITED STATES DISTRICT COURT FOR THE AUG 0 3 2011   ★
EASTERN DISTRICT OF NEW YORK

LONG ISLAND OFFICE

| | | |
|---|---|---|
| CHARLES SCHWAB & CO., INC., | ) | |
| | ) | **NO SUMMONS ISSUED** |
| Plaintiff, | ) | Civil No. |
| | ) | |
| v. | ) | (Formerly Index No. 006185/2011 |
| | ) | Suffolk County Supreme Court) |
| MALGORZATA MAKOWSKA, | ) | |
| NORBERT TROKKI, and THE UNITED | ) | **CV 11 3755** |
| STATES OF AMERICA, | ) | |
| | ) | **HURLEY, J.** |
| Defendants. | ) | |

UNITED STATES OF AMERICA'S NOTICE OF REMOVAL TO THE UNITED STATES
<u>DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK</u>

TO:                                                      **TOMLINSON, M**

David S. Richan, Esq.                         Malgorzata Makowska
Attorney for Plaintiff Charles Schwab &      61C Commodore Lane
Co., Inc.                                     West Babylon, NY 11704
Baritz & Colman LLP
The Woolworth Building                        Norbert Trokki
233 Broadway, Suite 2020                      61C Commodore Lane
New York, NY 10279                            West Babylon, NY 11704


PLEASE TAKE NOTICE that the action styled *Charles Schwab & Co., Inc., v.*

*Malgorzara Makowska, Norbert Trokki, and the United States Department of Treasury,* Index

No. 006185/2011, now pending in the Suffolk County Supreme Court, is removed to the United

States District Court for the Eastern District of New York.  The action is removable pursuant to

the provisions of 28 U.S.C. § 1442(a)(1) as it is brought against the United States, improperly

named and sued as "The United States Department of the Treasury," and 28 U.S.C. § 1444, as it

appears to be an action in interpleader brought against the United States under the provisions of

28 U.S.C. § 2410.

A copy of the Complaint, together with attachments, constituting all non-duplciative process and pleadings received by the trial attorney for the United States to the date of this notice, are attached as required by 28 U.S.C. § 1446(a).

No prior removal of the action has been attempted. This notice is filed in accordance with the procedures of 28 U.S.C. § 1446, and the removal of the action is timely under the provisions of 28 U.S.C. 1446(b).

JOHN A. DiCICCO
Principal Deputy Assistant Attorney General
U.S. Department of Justice, Tax Division

/s/ Julie C. Avetta
JULIE C. AVETTA
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 616-2743
Email: Julie.C.Avetta@usdoj.gov

*Local Counsel*

LORETTA E. LYNCH
United States Attorney

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
———————————————————————x

CHARLES SCHWAB & CO., INC.,

       Plaintiff,

                                 Index No.  006185/2011

v.

                                 **AMENDED COMPLAINT FOR**
MALGORZARA MAKOWSKA,                **INTERPLEADER RELIEF**
NORBERT TROKKI, and
THE UNITED STATES
DEPARTMENT OF THE TREASURY,

       Defendants.
———————————————————————x

      Charles Schwab & Co., Inc. ("Schwab"), for its Complaint against Malgorzara

Makowska, Norbert Trokki and the Internal Revenue Service of the United States Department of

the Treasury ("IRS") for Interpleader Relief pursuant to CPLR §1006, states as follows:

### PARTIES

      1.     Plaintiff Schwab is a California corporation with its principal place of business in

San Francisco, California.  Through its operating subsidiaries, Schwab provides a full range of

securities brokerage, banking, money management and financial advisory services to clients

around the country.

      2.     Defendants Makowska and Trokki are husband and wife.  Upon information and

believe, both defendants are residents of Suffolk County, New York.  The defendants are parties

to a pending matrimonial action in Suffolk County Supreme Court, captioned *Makowska v.*

*Trokki*, Index No. 10-35267 (Behar, J.S.C.)("Divorce Action").

3.      Defendant IRS's principal office is in Washington, D.C. and it maintains an office in Buffalo, New York.

## FACTS

4.      This action arises out of a dispute between the defendants over the assets in an account held at Schwab.

5.      In or about April 2007, defendant Trokki opened account No. 3146-7362 ("Account") at Schwab.  (*See* Exhibit A hereto.)  Defendant Trokki is the record holder of the Account.

6.      As of January 31, 2011, the assets in the Account consisted entirely of cash.

7.      On or about October 14, 2010, defendant Makowska filed an Action for Divorce in New York Supreme Court for Suffolk County.  (A copy of a Summons with Notice is attached hereto as Exhibit B.)

8.      On January 19, 2011, by Order to Show Cause, the Court in the Divorce Action ordered that certain property of co-defendant Trokki be "sequestered" and that co-defendant Makowska be appointed "temporary receiver" thereof.  (A copy of the Order to Show Cause is attached hereto as Exhibit C.)  Said property includes "[a]ny and all accounts held by Charles Schwab & Co., Inc....including [the Account]...."

9.      Defendant Makowska has requested that certain disbursements be made to her from defendant Trokki's Schwab Account.  However, since Schwab's obligations to each of the defendants under the terms of the Order to Show Cause is ambiguous and unclear, any disbursement of or failure to disburse assets from the Account could expose Schwab to liability to either of the defendants.

2

10.     On or about June 10, 2011, the IRS issued a Notice of Levy ("Levy") out of its Buffalo, New York offices to Schwab.  (A copy of the Levy is attached hereto as Exhibit D.) The Levy attaches and seeks to have Schwab turn over to the IRS funds in the amount of $404,474.48 held in all Schwab accounts in the name of defendant Trokki.

11.     Schwab is unable to ascertain the true and correct ownership of the foregoing assets or the right to manage, control and disburse funds from the Account and is precluded from acting on instructions received.  Schwab has been required to commence this interpleader action to determine the rightful owner of the proceeds of the Account.

### CLAIM FOR INTERPLEADER RELIEF

12.     The claims of the defendants are or may be adverse to each other.  By reason of these adverse and conflicting claims, Schwab is unable to adequately respond to and/or act on directions or instructions with respect to the Account.

13.     Schwab is indifferent as to whether and to what extent either of the defendants are proper and rightful owners of the proceeds of the Account.  Schwab's only interest is in determining proper ownership of the Account; however it is unable to do so by reason of the adverse and conflicting claims and thus files this Complaint for Interpleader Relief.

14.     Upon an order from the Court, Schwab is willing and able promptly to pay into Court the full amount of the assets in the Account.

15.     Schwab is entitled to an order reimbursing it for the costs of this suit and its reasonable attorneys' fees.

3

**WHEREFORE**, Plaintiff Schwab respectfully requests that the Court enter an Order granting it the following relief:

A.      Other than with respect to implementing any Order issued by this Court with respect to maintaining the account at Schwab, relieving Schwab from any further obligation to the defendants, and ordering the defendants to resolve their claims and contentions with respect to the Account without further involving Schwab;

B.      Providing for direction regarding the ownership and entitlement to disbursement from the Account;

C.      Awarding Schwab its actual court costs and reasonable attorneys' fees incurred in connection with prosecuting this Complaint for Interpleader Relief; and

D.      Granting Schwab such further and other relief as this Court deems appropriate.

Dated: July 1, 2011                         **BARITZ & COLMAN LLP**
                                            The Woolworth Building
                                            233 Broadway, Suite 2020
                                            New York, New York 10279
                                            Tel:  212-886-1693
                                            Fax:  212-886-1694


                                            By:_____/s/_____
                                                    David S. Richan

                                            *Attorneys for Plaintiff Charles Schwab & Co., Inc.*

# EXHIBIT A

# Schwab One® Brokerage Account Application

*charles* SCHWAB

www.schwab.com
1-800-435-4000 (inside the U.S.)
+1-415-667-5009 (outside the U.S.)
1-888-686-6916 (multilingual services)

- Use this form to open a brokerage account. If you reside outside the U.S. do not use this form. Contact us at +1-415-667-5009 to request the Schwab One International® Account Application.
- $1,000 minimum deposit required to open an account. The Schwab One account minimum is waived if you open a Schwab Bank Investor Checking™ account, or if you establish a $100 monthly transfer to your Schwab One account through either direct deposit or Schwab MoneyLink®.

**TO BE PROCESSED** Page 1 of 3

## 1. Account Holder Information

Complete all sections below. We respect your privacy. Charles Schwab & Co., Inc. ("Schwab") will use the information you provide to open and service your accounts, communicate with you, and provide information about products and services. Read about Schwab's commitment to your privacy. As required by federal law, Schwab will use the information provided below to verify your identity.

**RECEIVED W/CHECK**

**Title Your Account.** Select only one; state laws vary.

- ☒ Individual
- ☐ **Joint Tenants with Right of Survivorship** If one owner dies, his/her interest passes to the surviving owner(s).
- ☐ **Tenants in Common**—If one owner dies, his/her interest passes to his/her estate (assumed to be equal, unless otherwise noted).
- ☐ **Community Property**—For married couples in AZ, CA, ID, LA, NM, NV, TX, WA, and WI only. Laws vary by state.

### Account Holder

| Name (First) | (Middle) | (Last) |
|---|---|---|
| NORBERT | | TROKKI |

Home Street Address (no P.O. boxes): 61C Commodore Lane

City, State, Zip Code: WEST BABYLON NY 11704   Years at Address: 2½

Previous Home Street Address, City, State, Zip Code (if current address for less than five years): 197-05A 65 Crescent APT 3C

Mailing Address, City, State, Zip Code (if different from above; P.O. boxes may be used): FLUSHING NY

Home Telephone Number: (631) 539-8221   Business Telephone Number: (917) 833-6656   Cellular Telephone Number: (   )

Email Address* (Required to access your account through the web): NTROKKISTER@gmail.com

Social Security/Tax ID Number: 076 08 8415   Date of Birth (mm/dd/yyyy): 12/3/48   Mother's Maiden Name: hlewsk

ID Number: 638-158-519   ☒ Driver's License  ☐ State  ☐ Passport

Place of Issuance: New York   Issue Date: 10/24/03   Expiration Date: 12/3/07

Are you known by any other name? Specify:

Country(ies) of Citizenship (Must list all): ☒ USA  ☐ Other:

Country of Legal Residence: ☒ USA  ☐ Other:

**Securities industry regulations require that we collect the following information:**

Check only one:
☒ Employed  ☐ Self-employed  ☐ Retired  ☐ Student  ☐ Homemaker  ☐ Not employed

Employer: Telephonics   Occupation/Position:

Business Street Address: Farmingdale   City, State, Zip Code: NY 11735

Are you affiliated with or employed by a stock exchange or member firm of an exchange or the NASD, or a municipal securities broker-dealer?
☒ No  ☐ Yes (If 'yes,' you must attach a letter from your employer approving the establishment of your account when submitting this application.)

Are you a director, 10% shareholder or policy-making officer of a publicly held company?
☒ No  ☐ Yes (If 'yes,' enter company name _____ and trading symbol _____

Marital Status: ☒ Married  ☐ Single  ☐ Divorced   Number of Dependents:

Investment Experience:
☐ None
☐ Limited
☒ Good
☐ Extensive

Annual Income:
☐ Under $15,000
☐ $15,000–$24,999
☐ $25,000–$49,999
☐ $50,000–$99,999
☐ $100,000 or More

Liquid Net Worth:
☐ Under $25,000
☐ $25,000–$49,999
☐ $50,000–$99,999
☐ $100,000–$249,999
☐ $250,000 or More
Specify:

### Additional Account Holder (if applicable)

| Name (First) | (Middle) | (Last) |
|---|---|---|
| | | |

Home Street Address (no P.O. boxes):

City, State, Zip Code:   Years at Address:

Previous Home Street Address, City, State, Zip Code (if current address for less than five years):

Mailing Address, City, State, Zip Code (if different from above; P.O. boxes may be used):

Home Telephone Number: (   )   Business Telephone Number: (   )   Cellular Telephone Number: (   )

Email Address* (Required to access your account through the web):

Social Security/Tax ID Number:   Date of Birth (mm/dd/yyyy):   Mother's Maiden Name:

ID Number:   ☐ Driver's License  ☐ State  ☐ Passport

Place of Issuance:   Issue Date:   Expiration Date:

Are you known by any other name? Specify:

Country(ies) of Citizenship (Must list all): ☐ USA  ☐ Other:

Country of Legal Residence: ☐ USA  ☐ Other:

**Securities industry regulations require that we collect the following information:**

Check only one:
☐ Employed  ☐ Self-employed  ☐ Retired  ☐ Student  ☐ Homemaker  ☐ Not employed

Employer:   Occupation/Position:

Business Street Address:   City, State, Zip Code:

Are you affiliated with or employed by a stock exchange or member firm of an exchange or the NASD, or a municipal securities broker-dealer?
☐ No  ☐ Yes (If 'yes,' you must attach a letter from your employer approving the establishment of your account when submitting this application.)

Are you a director, 10% shareholder or policy-making officer of a publicly held company?
☐ No  ☐ Yes (If 'yes,' enter company name _____ and trading symbol _____

Marital Status: ☐ Married  ☐ Single  ☐ Divorced   Number of Dependents:

Investment Experience:
☐ None
☐ Limited
☐ Good
☐ Extensive

Annual Income:
☐ Under $15,000
☐ $15,000–$24,999
☐ $25,000–$49,999
☐ $50,000–$99,999
☐ $100,000 or More

Liquid Net Worth:
☐ Under $25,000
☐ $25,000–$49,999
☐ $50,000–$99,999
☐ $100,000–$249,999
☐ $250,000 or More
Specify:

*By providing your email address, you consent to receiving email from Schwab. Information about opting out of certain email communications is provided at www.schwab.com/privacy.

| **Investment Products: Not FDIC-Insured • No Bank Guarantee • May Lose Value** |
|---|

©2007 Charles Schwab & Co., Inc. All rights reserved.   Member SIPC.   FTA 03248 (0307-4544)   APP12372SLP-2B (04/07)


0 0 0 0 0 0

Schwab One Brokerage Account Application

## 2. Overall Investment Objective of Account

☐ Capital Preservation   ☐ Income   ☒ Growth   ☐ Speculation

## 3. Brokerage Features

**Margin Borrowing**

A Margin Account allows you to borrow from Schwab against your collateral. You can use a margin loan for such things as (1) purchasing additional securities using leverage with a view to enhancing investment returns, (2) selling securities short, or (3) obtaining short-term financing or overdraft protection. To learn more about how margin works and to better understand its benefits and risks, check out our interactive online margin tutorial at www.schwab.com/margintutorial and read the Margin Risk Disclosure and the Account Agreement.

Margin borrowing is automatically included, unless you check this box.   ☐ Do NOT ADD margin borrowing.

**Cash Features**

The Schwab One® Interest feature is automatically included on your account. This feature pays interest on the uninvested cash in your account. Rates are set by Schwab and are generally based on your Household Balances. Individuals who reside in the U.S. may alternatively request that their uninvested cash be swept to Charles Schwab Bank, N.A., an FDIC-insured institution affiliated with Schwab.*

Clients with $500,000 or more in Household Balances may request a sweep money market fund as an alternative by speaking to their Schwab representative. The yields of sweep money market funds are generally higher than interest rates offered by either Schwab or Schwab Bank.

Schwab's Cash Features are further described in Schwab's Cash Features Disclosure Statement for Individual Investors, which you will receive at account opening. Please contact Schwab for current information on interest rates and money market yields.

*FDIC insurance is available up to $100,000 (when aggregated with all other deposits held by you in the same capacity at Schwab Bank). Please see the Cash Features Disclosure Statement for Individual Investors for information about FDIC insurance.

**Electronic Trade Confirmations ("eConfirms")**

If you have provided your email address, you will soon receive an email that will tell you how to receive paperless trade confirmations and the associated prospectuses and disclosures by email. Until we receive a response to our email, you will receive paper trade confirmations and disclosures through the U.S. mail. You may enroll in our electronic delivery services or return to delivery through the U.S. mail at any time by indicating your preferences online.

☐ No, at this time I do not want eConfirms.

## 4. Cash Management

Please select one of the following options for your everyday cash management needs. Both solutions offer great value, including unlimited checkwriting, unlimited ATM fee rebates, no monthly fees, free checks, free bill pay and a Visa® Platinum Check Card.

A.  ☐  **Schwab Bank Investor Checking™ Account¹ at Schwab Bank.²** Complete the attached Schwab Bank Investor Checking Account Application. A separate, full-featured, interest-bearing checking account will be linked to your Schwab One Brokerage account.

B.  ☒  **Schwab One Brokerage Checks and Visa Platinum Check Cards.** (Complete ONLY if you have NOT checked the box for Schwab Bank Investor Checking account.)

   Select one of the following options to access the cash in your Schwab One Brokerage account:

   ☒ Checks only
   ☐ Checks and Visa Check Card
   ☐ Checks and two Visa Check Cards³

   Upon receipt of your starter checks, you may contact a Schwab representative to order additional customized checks at no cost. For Schwab BillPay®, log in to schwab.com for online enrollment.

¹You must be a U.S. resident or a resident alien currently residing in the U.S. to open a Schwab Bank Investor Checking account.

²Charles Schwab Bank, N.A. is an FDIC-insured depository institution affiliated with Schwab. Funds deposited in a Schwab Bank Investor Checking account are insured by the Federal Deposit Insurance Corporation up to $100,000 when aggregated with all other deposits held by you in the same capacity at Schwab Bank.

³Second Visa Check Card available only for issuance in additional account holder's name.

## 5. Fund Your Schwab One Brokerage Account

☒ Check or money order made payable to Charles Schwab & Co., Inc. enclosed for $_____10K_____
☐ Transfer Your Account form enclosed.
☐ Electronic transfer via Schwab MoneyLink® (Schwab MoneyLink Electronic Funds Transfer Enrollment Form enclosed).
☐ Direct deposit—With this service, you can have part of your paycheck, government payment, or other recurring payment deposited directly into your Schwab account. After receiving your account number, please go to www.schwab.com/directdeposit, print a personalized direct deposit form and give it to your employer or other entity.

| FOR CHARLES SCHWAB USE ONLY: | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Branch Office and Account Number | | — | | | | — | | | | — | |

©2007 Charles Schwab & Co., Inc. All rights reserved. Member SIPC.   FTA 03248 (0307-4564)   APP12372SLP-28 (04/07)

## 8. Authorization to Open Account

By signing this Application, you acknowledge that you have received and read a copy of the attached "Application Agreement" which contains a predispute arbitration provision. You acknowledge that your signature signifies and constitutes your agreement that this Account and your relationship with Schwab will be governed by the Application Agreement and all incorporated agreements and disclosures, including the *Schwab One® Account Agreement* and the *Charles Schwab Pricing Guide*, each as amended from time to time (the "Agreement and Disclosures"). You understand there are fees associated with establishing,

maintaining, engaging in transactions and transferring assets out of this Account. Unless you have declined the margin feature, you acknowledge that securities securing loans from Schwab may be lent to Schwab and lent by Schwab to others. You also acknowledge that if you trade "on margin," you are borrowing money from Schwab and that you understand the requirements and risks associated with margin borrowing as summarized in the "Overview and Disclosure Statement" included with this Application.

You also acknowledge that the securities products purchased or sold in a transaction with Schwab

(i) are not insured by the Federal Deposit Insurance Corporation ("FDIC"); (ii) are not deposits or other obligations of Charles Schwab and are not guaranteed by Schwab Bank and (iii) are subject to investment risks, including possible loss of the principal invested.

For purposes of this Account Application and the attached Application Agreement, the terms "you," "your" and "Account Holder" refer to each person who signs this Account Application. The terms "we," "us," "our," and "Schwab" refer to Charles Schwab & Co., Inc. The term "Schwab Bank" refers to Charles Schwab Bank, N.A.

> You certify under penalty of perjury that (1) the number shown on this Application is your correct taxpayer number; (2) you are not subject to back-up withholding because (a) you are exempt from back-up withholding, or (b) you have not been notified by the Internal Revenue Service (IRS) that you are subject to back-up withholding as a result of a failure to report all interest and dividends, or (c) the IRS has notified you that you are no longer subject to back-up withholding; and (3) you are a U.S. person (including a U.S. resident alien). (You understand that if you have been notified by the IRS that you are subject to back-up withholding as a result of dividend or interest underreporting and you have not received a notice from the IRS advising you that back-up withholding is terminated, you must strike or cross out the information contained in item 2 above.) The IRS does not require your consent to any provision of this document other than the certification required to avoid back-up withholding.

NOTE THAT SECTION 16 ON PAGE 2 OF THE ATTACHED APPLICATION AGREEMENT CONTAINS A PREDISPUTE ARBITRATION AGREEMENT.

PLEASE SIGN AND DATE BELOW IN BLUE OR BLACK INK ONLY. Your signature below will also serve as a signature card for your Schwab One Brokerage account checks.

**Signature(s) Required**

X _Account Holder Signature_   Print Name  N. Trokki   Date 4/30/07

X _Additional Account Holder Signature_   Print Name   Date

| FOR CHARLES SCHWAB USE ONLY: | | | | | | |
|---|---|---|---|---|---|---|
| Branch Office and Account Number | | — | — | DDA Number | | |
| Customer ID Number | | | | Source Code | | |
| Approved By | | | Print Name of Approver | | | Date |

©2007 Charles Schwab & Co., Inc. All rights reserved. Member SIPC.   FTA 03248 (0307-4544)   APP12372SLP-28 (04/07)

0 0 0 0 0 0

# Schwab Bank Investor Checking™
# Account Application

*charles* SCHWAB
BANK

www.schwab.com
1-800-435-4000
Page 1 of 2

To apply for your Schwab Bank Investor Checking account ("Investor Checking"), you must also complete this application.

We respect your privacy. Charles Schwab Bank, N.A. ("Schwab Bank") will use the information you provide during the Schwab One® Brokerage account application process to open and service your Investor Checking account, communicate with you and provide information about products and services. Schwab Bank does not consider your marital status when processing your Investor Checking account application. Read about our privacy policy in Schwab Bank's *A Commitment to Your Privacy*. As required by federal law, we will use the information you provide to verify your identity. You must be a U.S. resident or resident alien and have a U.S. mailing address to open an Investor Checking Account.

## 1. Investor Checking Features

**Schwab Bank Bill Pay**

This online electronic bill payment feature is automatically provided at no additional charge, unless you check the box below.

☐ Do NOT ADD electronic bill payment.

**Target Balance Transfer**

This feature systematically transfers available funds* from your Brokerage account, up to your Authorization Limit, not including your Available Margin Loan Value (as described in the *Schwab One Account Agreement*), to your Investor Checking account, each business day, to maintain a minimum balance ("Target Balance Amount") that you may designate below for your Investor Checking account.† If you select this feature, your Investor Checking account will initially be funded using this method. For more details on this authorization, please see Paragraph 7 of the Schwab Bank Investor Checking Signature Card and Account Terms.

☐ Yes, I would like to activate the Target Balance Transfer feature. Set my Target Balance Amount at $ _____ (may equal any whole dollar amount of $1 or more). If you do not specify an amount, we will set the amount at $5,000.

*Most check deposits made to your Schwab Brokerage account are available for withdrawal in two to five business days. Foreign and non-U.S. dollar checks are subject to a longer hold period. Only available funds may be transferred to your Investor Checking account from your Schwab One Brokerage account.

†The Target Balance Transfer sweep will decrease available funds in your Brokerage account and may affect funds designated for trading purposes. If you have a margin feature on your Brokerage account, the Target Balance Transfer sweep will not access it.

**Overdraft Protection**

This feature automatically transfers funds from your Brokerage account, up to your Authorization Limit, including Available Margin Loan Value, to your Investor Checking account in order to provide you with coverage against nonsufficient funds.* To discontinue this feature, please contact a Schwab representative after your account has been opened.

*Overdraft protection using margin sources may create a margin loan in your Brokerage account that may be subject to daily interest charges, margin calls or potential liquidation of securities. Refer to the *Schwab Bank Deposit Account Agreement* and your *Schwab One Account Agreement* for details.

## 2. Fund Your Account (Do not complete this section if you selected Target Balance Transfer above—skip to Section 3.)

You must initially fund your Investor Checking account in order to activate the account features such as Schwab Bank Bill Pay. Note that deposits may not be available for immediate withdrawal. Please select only one of the funding options below:

☐ **Schwab One Brokerage Account Transfer** By selecting this option, you authorize Schwab Bank to initiate a one-time transfer from your linked Brokerage account up to your Authorization Limit. For more details on this authorization, please see Paragraph 7 of the Schwab Bank Investor Checking Signature Card and Account Terms.

Transfer $ _____

☐ **Electronic Funds Transfer ("ACH Transfer")** By selecting this option, you authorize a one-time ACH Transfer from your checking or savings account at another financial institution. You must attach an original, preprinted, voided check or preprinted savings account deposit slip to this application. For more details on this authorization, please see Paragraph 8 of the Schwab Bank Investor Checking Signature Card and Account Terms.

Transfer $ _____ (maximum of $5,000)

☑ **Check** Send a check, made payable to you and mail to: Charles Schwab Bank, N.A., 5190 Neil Road, Suite 100, Reno, NV 89502-8532.

---

**Non-Deposit Investment Products: Not FDIC-Insured • No Bank Guarantee • May Lose Value**
**Investor Checking and Other Schwab Bank Accounts Are FDIC-Insured**

---

| FOR CHARLES SCHWAB BANK USE ONLY: | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Investor Checking Account Number | | | — | | | | — | | |

0 0 0 0 0 0

©2007 Charles Schwab Bank, N.A. All rights reserved. Member FDIC. Equal Housing Lender.  FTA 03248 (0307-4544)  APP26999SLP-08 (04/07)

## 3. Schwab Bank Investor Checking™ Signature Card and Account Terms

This Signature Card is an agreement between Charles Schwab Bank, N.A. (the "Bank") and each account holder for an Investor Checking account. "I," "me" and "my" refer to each account holder. All account holders are required to sign below. By signing below, I:

(1) acknowledge that I understand that non-deposit products offered by Charles Schwab & Co., Inc. (a) are not FDIC-insured, (b) are not deposits or other obligations of the Bank or guaranteed by the Bank, and (c) involve investment risks, including possible loss of the principal amount invested; in addition, I further acknowledge that Charles Schwab & Co., Inc. is an affiliate of Schwab Bank and that Charles Schwab & Co., Inc. will provide me with all appropriate disclosures regarding my investment account;

(2) certify that I am legally authorized to enter into this agreement and that the personal information provided in this application, and during the application process, is true and correct;

(3) acknowledge that the Bank will provide me with the following documents before account opening or before a service is provided: (a) the *Schwab Bank Deposit Account Agreement* which contains an arbitration provision, the Schwab One®/Investor Checking Overdraft Protection and Linking Authorization, the Overdraft Credit Line and Truth-in-Lending Disclosure, and the Terms and Conditions for the Schwab Bank Bill Pay Service; (b) Schwab Bank's *A Commitment to Your Privacy;* (c) *Important Privacy Choice for Consumers,* for California residents only; and (d) the *Schwab Bank Deposit Account Pricing Guide;*

(4) acknowledge that if the application is approved, each account holder will automatically receive a Visa® Platinum Check Card providing access to available funds at certain Automated Teller Machines (ATMs) and for use at certain merchants and that the Visa Check Card Agreement, which is sent with the card, contains the terms and conditions which apply to this card;

(5) acknowledge that, unless I have specifically requested otherwise during the account opening process, I will be enrolled in the Schwab Bank Bill Pay service, and that the Terms and Conditions for the Schwab Bank Bill Pay service apply to this service;

(6) agree to be subject to the terms and conditions of all documents associated with my Investor Checking account upon account opening, and acknowledge that the Bank advises me to read all the disclosure documents prior to opening or using my account;

(7) acknowledge that my Investor Checking account is linked with my Brokerage account maintained at Charles Schwab & Co., Inc., a registered broker-dealer, and I authorize Charles Schwab & Co., Inc. to (a) follow the instructions set forth in this application, and (b) initiate credit and/or debit entries to/from my Investor Checking account as transfers to/from my Brokerage account for transactions including, but not

limited to, target balance transfers and overdraft protection transfers, upon my request or preauthorization;

(8) authorize the Bank to initiate a one-time debit entry (or credit entry in case of error), as specified in my Investor Checking account application, to the institution and account specified by my attached voided check or savings account deposit slip, electronically or by other commercially accepted method, to initially fund my Investor Checking account; I acknowledge that the Bank will not initiate the one-time debit entry until the Investor Checking account is approved; I certify that the information provided on the voided check or savings account deposit slip is correct and that I am authorized to transfer funds from the specified account; I also understand that the owners listed on the specified account that will be debited must match the owners of my Investor Checking account; and

(9) authorize the Bank to inquire from any source, including a consumer reporting agency, as to my identity (as required by federal law), creditworthiness and ongoing eligibility for the account and other information at account opening, at any time throughout the life of the account, and thereafter for debt collection or investigative purposes.

---

**Taxpayer Identification Back-Up Withholding Certification**

By signing below, I certify under penalty of perjury that (1) the number shown on this application is the correct taxpayer identification number for this account; (2) I am not subject to back-up withholding because (a) I am exempt from back-up withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to back-up withholding as a result of a failure to report all interest and dividends, or (c) the IRS has notified me that I am no longer subject to back-up withholding; and (3) I am a U.S. person (including a U.S. resident alien). (I understand that if I have been notified by the IRS that I am subject to back-up withholding as a result of dividend or interest underreporting and I have not received a notice from the IRS advising me that back-up withholding is terminated, I must strike or cross out the information contained in item 2 above.)

---

ALL ACCOUNT HOLDERS MUST SIGN AND DATE BELOW IN BLUE OR BLACK INK ONLY.

By signing below, I agree to the terms listed on this signature card. I understand that the IRS does not require my consent to any provision of this document other than the certification required to avoid back-up withholding.

Primary Taxpayer Identification (Social Security) Number: 07 06 8415

Must be same number as primary Account Holder's from Schwab One Brokerage Account Application.

**Signature(s) Required** (X)

Account Holder Signature

X
Additional Account Holder Signature

Print Name: N. Tokki

Date: 4/30/07

Print Name

Date

©2007 Charles Schwab Bank, N.A. All rights reserved. Member FDIC. Equal Housing Lender. FTA 03248 (0307-4544) APP269999SLP-08 (04/07)

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
------------------------------------------------------X

Index No. 10-35267
Date Summons Filed: 10-14-10

MALGORZATA MAKOWSKA,

Plaintiff designates Suffolk County as the place of trial.
The basis of venue is Plaintiff's residence.

                                    Plaintiff,

**SUMMONS WITH NOTICE**

                    -against-

Plaintiff resides at 61C Commodore Lane, West Babylon, New York 11704.

NORBERT TROKKI,

------------------------------------------------------X
                                    Defendant.

## ACTION FOR DIVORCE

To the above named Defendant:

       **YOU ARE HEREBY SUMMONED** to serve a notice of appearance on the Plaintiff's Attorneys within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear, judgment will be taken against you by default for the relief demanded in the notice set forth below.

Dated: 10-14 , 2010

Dana J. Finkelstein, Esq.
Steinberg, Fineo, Berger & Fischoff P.C.
Attorneys for Plaintiff
40 Crossways Park Drive
Woodbury, New York 11797
(516) 747-1136

**NOTICE:** The nature of this action is to dissolve the marriage between the parties, on the grounds: DRL Section 170 subd. (7) - the relationship between the Plaintiff and Defendant has broken down irretrievably for period of at least six months.

 

## NOTICE OF AUTOMATIC ORDERS (DRL Section 236)

PURSUANT TO DOMESTIC RELATIONS LAW Section 236 Part B, Section 2, as added by Chapter 72 of the Laws of 2009, both you and your spouse (the parties) are bound by the following AUTOMATIC ORDERS, which shall remain in full force and effect during the pendency of this action, unless terminated, modified or amended by further order of the court upon motion of either of the parties or upon written agreement between the parties:

(1) Neither party shall sell, transfer, encumber, conceal, assign, remove or in any way dispose of, without the consent of the other party in writing, or by order of the court, any property (including, but not limited to, real estate, personal property, cash accounts, stocks, mutual funds, bank accounts, cars and boats) individually or jointly held by the parties, except in the usual course of business, for customary and usual household expenses or for reasonable attorney's fee in connection with this action.

(2) Neither party shall transfer, encumber, assign, remove, withdraw or in any way dispose of any tax deferred funds, stocks or other assets held in any individual retirement accounts, 401k accounts, profit sharing plans, Keogh accounts, or any other pension or retirement account, and the parties shall further refrain from applying for or requesting the payment of retirement benefits or annuity payments of any kind, without the consent of the other party in writing, or upon further order of the court.

(3) Neither party shall incur unreasonable debts hereafter, including, but not limited to, further borrowing against any credit line secured by the family residence, further encumbrancing any assets, or unreasonably using credit cards or cash advances against credit cards, except in the usual course of business or for customary or usual housing expenses, or for reasonable attorney's fees in connection with this action.

(4) Neither party shall cause the other party or the children of the marriage to be removed from any existing medical, hospital and dental insurance coverage, and each party shall maintain the existing medical, hospital and dental insurance coverage in full force and effect.

(5) Neither party shall change the beneficiaries of any existing life insurance policies, and each party shall maintain the existing life insurance, automobile insurance, homeowners and renters insurance policies in full force and effect.

DEC-16-2010 14:19 From: Steinberg,Fineo,Ber 5167419538          To:18883686355          Page:5/5

SUPREME COURT OF THE STATE OF NEW YORK          ● thereon index# & date of
COUNTY OF   Suffolk                             ● filing     index# 10-35267
                                                             filed_____

| | |
|---|---|
| Malgorzata Makowska | |
| | Plaintiff(s) |
| -against- | |
| Norbert Trokki | |
| | Defendant(s) |

AFFIDAVIT OF SERVICE

[→] Summons with Notice
[ ] Summons and Complaint
[ ] Summons and Verified
    Complaint

ACTION FOR DIVORCE

STATE OF NEW YORK, COUNTY OF      Nassau

   Michael Del Core                being duly sworn, deposes and says that deponent
is not a party to the action, is over 18 years of age and resides in the State of New York
   34 Saddlebrook Court, Middle Village, NY
That on   Oct. 28, 2010 at 5:10 PM        at 815 Broad Hollow Rd., Farmingdale, NY, c/
                                          c/o Telephonics
deponent served the annexed [→] Summons with Notice   [ ] Summons and Complaint
[ ] Summons and Verified Complaint in this action on   Norbert Trokki

herein, by delivering a true copy thereof to defendant personally.  Deponent knew the
person served to be the person mentioned and described in said papers as defendant
herein as:

   [→] (a) Deponent has a recent photograph that the plaintiff gave him for
           identification purposes.  Picture is attached; person served was
           depicted in said picture;

   [ ] (b) Deponent inquired of persons in the immediate vicinity as to
           the identity of said defendant and such persons identified defendant,
           who admitted his identity;

   [ ] (c) Plaintiff accompanied deponent and identified said defendant
           named in this action, who admitted his identity.

The copy of the annexed [→] Summons with Notice   [ ] Summons and Complaint
[ ] Summons and Verified Complaint in this action on   Norbert Trokki
which your deponent served upon the defendant was marked "ACTION FOR DIVORCE".

APPROXIMATE
   DESCRIPTION
   [→] male, white skin, grey hair, 56 years, 5'9", 160 lbs.

FILED

NOV 12 2010

Judith A. Pascale
CLERK OF SUFFOLK COUNTY

Your deponent asked the defendant  Norbert Trokki
whether  he was in active military service of the United States Government or of
the State of New York in any capacity whatsoever.  he told me   he was not.  he
wore ordinary civilian clothes and no military uniform.  Upon information and belief,
I aver that the defendant is not in the Military Service of New York State or of The
United States as that term is defined in either the State or in the Federal Soldier's
and Sailor's Civil Relief Acts.  The source of my information and the grounds of my
belief are the conversations and observations above narrated.

Sworn to before me, this
   1   day of  Nov., 2010    ILENE BRODY
                            Notary Public, State of New York
                            No 30-4943428
                            Qualified in Nassau County
                            Commission Expires February 28, 2XO      Michael Del Core

# EXHIBIT C

 

*Part 18*

At a Special/IAS Term of the
Supreme Court of the State of New
York, held in and for the County of
Suffolk, at the Courthouse located at
400 Carleton Avenue, Central Islip,
N.Y. 11722, on the 19 day of
January, 2011.

PRESENT: HON. HON. STEPHEN M. BEHAR

J.S.C.

--------------------------------------------------x

MALGORZATA MAKOWSKA,

                          Plaintiff,

   -against-

NORBERT TROKKI,

                        Defendant.

--------------------------------------------------x

Index No.: 10-35267

EMERGENCY ORDER
TO SHOW CAUSE
MOTION/CROSS/OSC
FEE PAID
Judith A. Pascale
Suffolk County Clerk

     Upon the reading and filing of the annexed Affidavit of the Plaintiff, MALGORZATA

MAKOWSKA, duly sworn to the 18th day of January, 2011, the Affirmation of JESSICA A.

GOULD, ESQ., dated the 18th day of January, 2011, the Emergency Affirmation of JESSICA A.

GOULD, ESQ., dated the 18th day of January, 2011, and upon all papers and proceedings

heretofore had herein,

     LET the Defendant, NORBERT TROKKI, or the attorneys acting on his behalf, show

cause before this Court at an I.A.S. Part _____, before the Honorable Justice _____,

or any other Justice of this Supreme Court, at the Courthouse located at 400 Carleton Avenue,

Central Islip, on the 2nd day of January, Feb 2011 at 9:30 o'clock in the forenoon of that day or as

soon thereafter as counsel can be heard, why an Order should not be made and entered as

follows:

1

   

1.  Permitting Plaintiff to serve any and all papers in this action by electronic means upon Defendant at ntrokkister@gmail.com until such time as he may designate an alternate physical or electronic address; and

2.  Pursuant to N.Y. D.R.L. § 243 sequestering any and all property held by Defendant in the State of New York, including, but not limited to,

    a.  Any and all accounts or safe deposit boxes held by Bank of America for the benefit, or in the name, of Norbert Trokki a/k/a Norbert I. Trokki, including, but not limited to, account no. 483010787794 and/or box no. 322-6;

    b.  Any and all accounts or property held by Sterling Trust for the benefit, or in the name, of Norbert Trokki a/k/a Norbert I, Trokki, including, but not limited to, account no. 124939 or related to Certificate nos. 16804 and 16805; and

    c.  Any and all stock held by Scorpio Mining Corporation for the benefit, or in the name, of Norbert Trokki a/k/a Norbert I. Trokki; and

    d.  Any and all accounts held by Charles Schwab & Co., Inc. for the benefit, or in the name, of Norbert Trokki a/k/a Norbert I. Trokki, including, but not limited to, account nos. 3146-7362, 5951-4848, and/or 7037975111; and

    e.  Any and all accounts held by Wachovia Securities for the benefit, or in the name, of Norbert Trokki a/k/a Norbert I. Trokki, including, but not limited to, account no. OHQ-R12765-02; and

    f.  Any and all accounts held by National Securities Corp. a/k/a National Holdings a/k/a National Financial Services LLC for the benefit, or in the name, of Norbert Trokki a/k/a Norbert I. Trokki, including, but not limited to, account no. LR-195235;

2

 

    g.   Any and all property held by "A Space Place Self Storage" for the benefit, or in the name, of Norbert Trokki a/k/a Norbert I. Trokki, including, but not limited to, that held at Unit 6642;

    h.   And any and all other property which may be found upon investigation by Plaintiff;

3.   Pursuant to N.Y. C.P.L.R. § 6401, appointing Plaintiff as a temporary receiver for any and all property held by Defendant in the State of New York, including, but not limited to,

    a.   Any and all accounts or safe deposit boxes held by Bank of America for the benefit, or in the name, of Norbert Trokki a/k/a Norbert I. Trokki, including, but not limited to, account no. 483010787794 and/or box no. 322-6;

    b.   Any and all accounts or property held by Sterling Trust for the benefit, or in the name, of Norbert Trokki a/k/a Norbert I. Trokki, including, but not limited to, account no. 124939 or related to Certificate nos. 16804 and 16805; and

    c.   Any and all stock held by Scorpio Mining Corporation for the benefit, or in the name, of Norbert Trokki a/k/a Norbert I. Trokki; and

    d.   Any and all accounts held by Charles Schwab & Co., Inc. for the benefit, or in the name, of Norbert Trokki a/k/a Norbert I. Trokki, including, but not limited to, account nos. 3146-7362, 5951-4848, and/or 7037975111; and

    e.   Any and all accounts held by Wachovia Securities for the benefit, or in the name, of Norbert Trokki a/k/a Norbert I. Trokki, including, but not limited to, account no. OHQ-R12765-02; and

    f.   Any and all accounts held by National Securities Corp. a/k/a National Holdings a/k/a National Financial Services LLC for the benefit, or in the name, of Norbert

3

Trokki a/k/a Norbert I. Trokki, including, but not limited to, account no. LR-195235;

g. Any and all property held by "A Space Place Self Storage" for the benefit, or in the name, of Norbert Trokki a/k/a Norbert I. Trokki, including, but not limited to, that held at Unit 6642;

h. Any and all other property which may be found upon investigation by Plaintiff;

and

4. Granting unto the Plaintiff such other and further relief as this Court may deem just and proper.

**SUFFICIENT REASON APPEARING THEREFORE**, it is

**ORDERED** that, pending the hearing and determination of the within motion, the Plaintiff may serve any and all papers in this action by electronic means upon Defendant at ntrokkister@gmail.com until such time as he may designate an alternate physical ~~or electronic~~ address; and it is further

**ORDERED**, that neither party shall sell, transfer, encumber, conceal, assign, remove, or in any way dispose of any property (including by way of illustration but not limitation, real estate, personal property, cash accounts, stocks, stock options, mutual funds, bank accounts, cars or boats), individually or jointly held by the parties, except in the usual course of business consistent with established past practice or for usual and customary household expenses or for reasonable attorney's fees in connection with this action including but not limited to:

a. Any and all accounts or safe deposit boxes held by Bank of America for the benefit, or in the name, of Norbert Trokki a/k/a Norbert I. Trokki, including, but not limited to, account no. 483010787794 and/or box no. 322-6; and

4

b. Any and all accounts of property held by Sterling Trust for the benefit, or in the name, of Norbert Trokki a/k/a Norbert I. Trokki, including, but not limited to, account no. 124939 or related to Certificate nos. 16804 and 16805; and

c. Any and all stock held by Scorpio Mining Corporation for the benefit, or in the name, of Norbert Trokki a/k/a Norbert I. Trokki; and

d. Any and all accounts held by Charles Schwab & Co., Inc. for the benefit, or in the name, of Norbert Trokki a/k/a Norbert I. Trokki, including, but not limited to, account nos. 3146-7362, 5951-4848, and/or 7037975111; and

e. Any and all accounts held by Wachovia Securities for the benefit, or in the name, of Norbert Trokki a/k/a Norbert I. Trokki, including, but not limited to, account no. OHQ-R12765-02; and

f. Any and all accounts held by National Securities Corp. a/k/a National Holdings a/k/a National Financial Services LLC for the benefit, or in the name, of Norbert Trokki a/k/a Norbert I. Trokki, including, but not limited to, account no. LR-195235; and

g. Any and all property held by "A Space Place Self Storage" for the benefit, or in the name, of Norbert Trokki a/k/a Norbert I. Trokki, including, but not limited to, that held at Unit 6642; and

h. ~~Any and all other property which may be found upon investigation by Plaintiff;~~

and it is further

5

ORDERED that *pending* the hearing and determination of the within motion, Plaintiff is *as a fiduciary, who must provide a timely account to the Court,* appointed temporary receiver for any and all property held by Defendant in the State of New York, including, but not limited to,

a.  Any and all accounts or safe deposit boxes held by Bank of America for the benefit, or in the name, of Norbert Trokki a/k/a Norbert I. Trokki, including, but not limited to, account no. 483010787794 and/or box no. 322-6; and

b.  Any and all accounts of property held by Sterling Trust for the benefit, or in the name, of Norbert Trokki a/k/a Norbert I. Trokki, including, but not limited to, account no. 124939 or related to Certificate nos. 16804 and 16805; and

c.  Any and all stock held by Scorpio Mining Corporation for the benefit, or in the name, of Norbert Trokki a/k/a Norbert I. Trokki; and

d.  Any and all accounts held by Charles Schwab & Co., Inc. for the benefit, or in the name, of Norbert Trokki a/k/a Norbert I. Trokki, including, but not limited to, account nos. 3146-7362, 5951-4848, and/or 7037975111; and

e.  Any and all accounts held by Wachovia Securities for the benefit, or in the name, of Norbert Trokki a/k/a Norbert I. Trokki, including, but not limited to, account no. OHQ-R12765-02; and

f.  Any and all accounts held by National Securities Corp. a/k/a National Holdings a/k/a National Financial Services LLC for the benefit, or in the name, of Norbert Trokki a/k/a Norbert I. Trokki, including, but not limited to, account no. LR-195235; and

6

g. Any and all property held by "A Space Place Self Storage" for the benefit, or in the name, of Norbert Trokki a/k/a Norbert I. Trokki, including, but not limited to, that held at Unit 6642; and

~~h. Any and all other property which may be found upon investigation by Plaintiff.~~

LET service of a copy of the instant Order to Show Cause, together with copies of the papers upon which it is granted, served electronically upon the Defendant via his email address ntrokkister@gmail.com on or before the 26th day of January, 2011 be deemed good and sufficient service thereof.

Dated: January ___, 2011
       Central Islip, NY

ENTER

_____
J.S.C.

Attorney signature pursuant to
Sec. 130-1.1-a of the Rules of
the Chief Administrator (22 NYCRR)

_____
Jessica A. Gould, Esq.

GRANTED

JAN 19 2011

EDWARD P. ROMAINE
Clerk of Suffolk County

7

# EXHIBIT D

| Form 668-A(ICS) (Rev. July 2002) | Department of the Treasury – Internal Revenue Service **Notice of Levy** |
|---|---|

DATE: 06/10/2011

REPLY TO:  Internal Revenue Service
  **DAVID S. SMITH**
  **130 SOUTH ELMWOOD AVENUE**
  **BUFFALO, NY 14202-2464**

TELEPHONE NUMBER
OF IRS OFFICE:  **(716)961-5654**

NAME AND ADDRESS OF TAXPAYER:

**NORBERT I. TROKKI**
**61C COMMODORE LANE**
**WEST BABYLON, NY  11704**

TO:   **CHARLES SCHWAB & CO INC.**
  **OFFICE OF CORPORATE COUNSEL**
  **101 MONTGOMERY ST. STE 200**
  **SAN FRANCISCO, CA  94104-4124506**

IDENTIFYING NUMBER(S):  **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**

TROK

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 1040 | 12/31/2010 | $400,734.62 | $3,739.86 | $404,474.48 |

| THIS LEVY WON'T ATTACH FUNDS IN IRAs, SELF-EMPLOYED INDIVIDUALS' RETIREMENT PLANS, OR ANY OTHER RETIREMENT PLANS IN YOUR POSSESSION OR CONTROL, UNLESS IT IS SIGNED IN THE BLOCK TO THE RIGHT. ⟹ | Total Amount Due | $404,474.48 |
|---|---|---|

We figured the interest and late payment penalty to **07/10/2011**

Although we have told you to pay the amount you owe, it is still not paid.  This is your copy of a notice of levy we have sent to collect this unpaid amount.  We will send other levies if we don't get enough with this one.

Banks, credit unions, savings and loans, and similar institutions described in section 408(n) of the Internal Revenue Code **must hold your money for 21 calendar days** before sending it to us.  They must include the interest you earn during that time.  Anyone else we send a levy to must turn over your money, property, credits, etc. that they have *(or are already obligated for)* when they would have paid you.

If you decide to pay the amount you owe now, please **bring** a guaranteed payment *(cash, cashier's check, certified check, or money order)* to the nearest IRS office with this form, so we can tell the person who received this levy not to send us your money.  Make checks and money orders payable to **United States Treasury.**  If you mail your payment instead of bringing it to us, we may not have time to stop the person who received this levy from sending us your money.

If we have erroneously levied your bank account, we may reimburse you for the fees your bank charged you for handling the levy.  You must file a claim with the IRS on Form 8546 within one year after the fees are charged.

If you have any questions, or want to arrange payment before other levies are issued, please call or write us.  If you write to us, please include your telephone number and the best time to call.

| Signature of Service Representative **/S/ DAVID S. SMITH** | Title **SUPERVISORY REVENUE OFFICER** |
|---|---|

Part 2 –   For Taxpayer

Form 668-A(ICS) (7-2002)

Excerpts from the Internal Revenue Code
*   *   *   *   *   *   *   *   *   *

**Sec. 6331.  LEVY AND DISTRAINT.**

(b) Seizure and Sale of Property.—The term "levy" as used in this title includes the power of distraint and seizure by any means.  Except as otherwise provided in subsection (e), a levy shall extend only to property possessed and obligations existing at the time thereof. In any case in which the Secretary may levy upon property or rights to property, he may seize and sell such property or rights to property (whether real or personal, tangible or intangible)

(c) Successive Seizures.—Whenever any property or right to property upon which levy has been made by virtue of subsection (a) is not sufficient to satisfy the claim of the United States for which levy is made, the Secretary may, thereafter, and as often as may be necessary, proceed to levy in like manner upon any other property liable to levy of the person against whom such claim exists, until the amount due from him, together with all expenses, is fully paid.

**Sec. 6332.  SURRENDER OF PROPERTY SUBJECT TO LEVY.**

(a) Requirement.—Except as otherwise provided in this section, any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made shall, upon demand of the Secretary, surrender such property or rights (or discharge such obligation) to the Secretary, except such part of the property or rights as is, at the time of such demand, subject to an attachment or execution under any judicial process.

(b) Special rule for Life Insurance and Endowment Contracts

(1) In general.—A levy on an organization with respect to a life insurance or endowment contract issued by such organization shall, without necessity for the surrender of the contract document, constitute a demand by the Secretary for payment of the amount described in paragraph (2) and the exercise of the right of the person against whom the tax is assessed to the advance of such amount. Such organization shall pay over such amount 90 days after service of notice of levy.  Such notice shall include a certification by the Secretary that a copy of such notice has been mailed to the person against whom the tax is assessed at his last known address.

(2) Satisfaction of levy.—Such levy shall be deemed to be satisfied if such organization pays over to the Secretary the amount which the person against whom the tax is assessed could have had advanced to him by such organization on the date prescribed in paragraph (1) for the satisfaction of such levy, increased by the amount of any advance (including contractual interest thereon) made to such person on or after the date such organization had actual notice or knowledge (within the meaning of section 6323 (i)(1)) of the existence of the lien with respect to which such levy is made, other than an advance (including contractual interest thereon) made automatically to maintain such contract in force under an agreement entered into before such organization had such notice or knowledge.

(3) Enforcement proceedings.—The satisfaction of a levy under paragraph (2) shall be without prejudice to any civil action for the enforcement of any lien imposed by this title with respect to such contract.

(c) Special Rule for Banks.—Any bank (as defined in section 408(n)) shall surrender (subject to an attachment or execution under judicial process) any deposits (including interest thereon) in such bank only after 21 days after service of levy.

(d) Enforcement of Levy.

(1) Extent of personal liability.—Any person who fails or refuses to surrender any property or rights to property, subject to levy, upon demand by the Secretary, shall be liable in his own person and estate to the United States in a sum equal to the value of the property or rights not so surrendered, but not exceeding the amount of taxes for the collection of which such levy has been made, together with costs and interest on such sum at the underpayment rate established under section 6621 from the date of such levy (or, in the case of a levy described in section 6331 (d)(3), from the date such person would otherwise have been obligated to pay over such amounts to the taxpayer).  Any amount (other than costs) recovered under this paragraph shall be credited against the tax liability for the collection of which such levy was made.

(2) Penalty for violation.—In addition to the personal liability imposed by paragraph (1), if any person required to surrender property or rights to property fails or refuses to surrender such property or rights to property without reasonable cause, such person shall be liable for a penalty equal to 50 percent of the amount recoverable under paragraph (1).  No part of such penalty shall be credited against the tax liability for the collection of which such levy was made.

(e) Effect of honoring levy.—Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary, surrenders such property or rights to property (or discharges such obligation) to the Secretary (or who pays a liability under subsection (d)(1)), shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment.

**Sec. 6333.  PRODUCTION OF BOOKS.**

If a levy has been made or is about to be made on any property, or right to property, any person having custody or control of any books or records, containing evidence or statements relating to the property or right to property subject to levy, shall, upon demand of the Secretary, exhibit such books or records to the Secretary

**Sec. 6343.  AUTHORITY TO RELEASE LEVY AND RETURN PROPERTY.**

(a) Release of Levy and Notice of Release –

(1) In general.—Under regulations prescribed by the Secretary, the Secretary shall release the levy upon all, or part of, the property or rights to property levied upon and shall promptly notify the person upon whom such levy was made (if any) that such levy has been released if—

(A) the liability for which such levy was made is satisfied or becomes unenforceable by reason of lapse of time,

(B) release of such levy will facilitate the collection of such liability,

(C) the taxpayer has entered into an agreement under section 6159 to satisfy such liability by means of installment payments, unless such agreement provides otherwise,

(D) the Secretary has determined that such levy is creating an economic hardship due to the financial condition of the taxpayer, or

(E) the fair market value of the property exceeds such liability and release of the levy on a part of such property could be made without hindering the collection of such liability.

For purposes of subparagraph (C), the Secretary is not required to release such levy if such release would jeopardize the secured creditor status of the Secretary.

(2) Expedited determination on certain business property.—In the case of any tangible personal property essential in carrying on the trade or business of the taxpayer, the Secretary shall provide for an expedited determination under paragraph (1) if levy on such tangible personal property would prevent the taxpayer from carrying on such trade or business.

(3) Subsequent levy.—The release of levy on any property under paragraph (1) shall not prevent any subsequent levy on such property.

(b) Return of Property.—If the Secretary determines that property has been wrongfully levied upon, it shall be lawful for the Secretary to return—

(1) the specific property levied upon,

(2) an amount of money equal to the amount of money levied upon, or

(3) an amount of money equal to the amount of money received by the United States from a sale of such property.

Property may be returned at any time. An amount equal to the amount of money levied upon or received from such sale may be returned at any time before the expiration of 9 months from the date of such levy.  For purposes of paragraph (3), if property is declared purchased by the United States at a sale pursuant to section 6335(e) (relating to manner and conditions of sale), the United States shall be treated as having received an amount of money equal to the minimum price determined pursuant to such section or (if larger) the amount received by the United States from the resale of such property.

(d) Return of Property in Certain Cases.—

If—

(1) any property has been levied upon, and

(2) the Secretary determines that—

(A) the levy on such property was premature or otherwise not in accordance with administrative procedures of the Secretary,

(B) the taxpayer has entered into an agreement under section 6159 to satisfy the tax liability for which levy was imposed by means of installment payments, unless such agreement provides otherwise,

(C) the return of such property will facilitate the collection of the tax liability, or

(D) with the consent of the taxpayer or the National Taxpayer Advocate, the return of such property would be in the best interests of the taxpayer (as determined by the National Taxpayer Advocate) and the United States.

the provisions of subsection (b) shall apply in the same manner as if such property had been wrongly levied upon, except that no interest shall be allowed under subsection (c).

*   *   *   *   *   *   *   *   *   *

Applicable Sections of Internal Revenue Code

6321. LIEN FOR TAXES.
6322. PERIOD OF LIEN.
6325. RELEASE OF LIEN OR DISCHARGE OF PROPERTY.
6331. LEVY AND DISTRAINT.
6332. SURRENDER OF PROPERTY SUBJECT TO LEVY.
6333. PRODUCTION OF BOOKS.
6334. PROPERTY EXEMPT FROM LEVY.
6343. AUTHORITY TO RELEASE LEVY AND RETURN PROPERTY.
7426. CIVIL ACTIONS BY PERSONS OTHER THAN TAXPAYERS.
7429. REVIEW OF JEOPARDY LEVY OR ASSESSMENT PROCEDURES.

For more information about this notice, please call the phone number on the front of this form.

Form **668-A(ICS)** (7-2002)

| Form 668-A(ICS) (Rev. July 2002) | Department of the Treasury – Internal Revenue Service **Notice of Levy** |
|---|---|

DATE: 06/10/2011

REPLY TO:  Internal Revenue Service
    DAVID S. SMITH
    130 SOUTH ELMWOOD AVENUE
    BUFFALO, NY 14202-2464

TELEPHONE NUMBER
OF IRS OFFICE:  (716)961-5654

NAME AND ADDRESS OF TAXPAYER:
NORBERT I. TROKKI
61C COMMODORE LANE
WEST BABYLON, NY  11704

TO:  CHARLES SCHWAB & CO INC.
    OFFICE OF CORPORATE COUNSEL
    101 MONTGOMERY ST. STE 200
    SAN FRANCISCO, CA  94104-4124506

IDENTIFYING NUMBER(S):  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

TROK

THIS IS NOT A BILL FOR TAXES YOU OWE.  THIS IS A NOTICE OF LEVY WE ARE USING TO COLLECT MONEY OWED BY THE TAXPAYER NAMED ABOVE.

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 1040 | 12/31/2010 | $400,734.62 | $3,739.86 | $404,474.48 |

| THIS LEVY WON'T ATTACH FUNDS IN IRAs, SELF-EMPLOYED INDIVIDUALS' RETIREMENT PLANS, OR ANY OTHER RETIREMENT PLANS IN YOUR POSSESSION OR CONTROL, UNLESS IT IS SIGNED IN THE BLOCK TO THE RIGHT. ⟹ | Total Amount Due | $404,474.48 |
|---|---|---|

We figured the interest and late payment penalty to  07/10/2011

    The Internal Revenue Code provides that there is a lien for the amount that is owed.  Although we have given the notice and demand required by the Code, the amount owed hasn't been paid.  This levy requires you to turn over to us this person's property and rights to property (*such as money, credits, and bank deposits*) that you have or which you are already obligated to pay this person.  However, don't send us more than the "Total Amount Due."

    Money in banks, credit unions, savings and loans, and similar institutions described in section 408(n) of the Internal Revenue Code **must be held for 21 calendar days** from the day you receive this levy before you send us the money.  Include any interest the person earns during the 21 days.  Turn over any other money, property, credits, etc. that you have or are already obligated to pay the taxpayer, when you would have paid it if this person asked for payment.

    Make a reasonable effort to identify all property and rights to property belonging to this person.  At a minimum, search your records using the taxpayer's name, address, and identifying number(s) shown on this form.  Don't offset money this person owes you without contacting us at the telephone number shown above for instructions.  You may not subtract a processing fee from the amount you send us.

To respond to this levy —
1. Make your check or money order payable to United States Treasury.
2. Write the taxpayer's name, identifying number(s), kind of tax and tax period shown on this form, and "LEVY PROCEEDS" on your check or money order (*not* on a detachable stub).
3. Complete the back of Part 3 of this form and mail it to us with your payment in the enclosed envelope.
4. Keep Part 1 of this form for your records and give the taxpayer Part 2 within 2 days.
If you don't owe any money to the taxpayer, please complete the back of Part 3, and mail that part back to us in the enclosed envelope.

| Signature of Service Representative **/S/ DAVID S. SMITH** | Title **SUPERVISORY REVENUE OFFICER** |
|---|---|

Part 3a –   Complete and return to IRS        Catalog No. 35389E        www.irs.gov        Form 668-A(ICS) (7-2002)

**RETURN PARTS 3A AND 3B WITH THE INFORMATION BELOW COMPLETED**

**Taxpayer Name:** NORBERT I. TROKKI                    **Identification number:** 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

**SECTION 1. — Levy Acknowledgment**

Signature of person responding _____

Printed name of person responding _____

Your telephone number          (_____)_____

Date and time this levy received       _____

**SECTION 2. — Levy Results** *(Check all applicable boxes.)*

☐   Check attached in the amount of $_____

☐   No Funds

☐   No Account

☐   No Record

**SECTION 3. — Other Information** *(Please complete this section only if you are NOT sending us the total amount the taxpayer owes.)*

Taxpayer's latest address, if different
from the one on this levy: _____

_____

Taxpayer's telephone number: (_____)_____

Name and address of taxpayer's
employer, if different from addressee: _____

_____

Next date you will owe funds to the taxpayer: _____

_____

Other information you believe may help us: _____

_____

Part 3b —   Complete and return to IRS        Catalog No 35389E    www.irs.gov                Form **668-A(ICS)** (7-2002)

Excerpts from the Internal Revenue Code

\* \* \* \* \* \* \* \* \*

**Sec. 6331.  LEVY AND DISTRAINT.**

(b) Seizure and Sale of Property.--The term "levy" as used in this title includes the power of distraint and seizure by any means.  Except as otherwise provided in subsection (e), a levy shall extend only to property possessed and obligations existing at the time thereof.  In any case in which the Secretary may levy upon property or rights to property, he may seize and sell such property or rights to property (whether real or personal, tangible or intangible)

(c) Successive Seizures.--Whenever any property or right to property upon which levy has been made by virtue of subsection (a) is not sufficient to satisfy the claim of the United States for which levy is made, the Secretary may, thereafter, and as often as may be necessary, proceed to levy in like manner upon any other property liable to levy of the person against whom such claim exists, until the amount due from him, together with all expenses, is fully paid

**Sec. 6332.  SURRENDER OF PROPERTY SUBJECT TO LEVY.**

(a) Requirement.--Except as otherwise provided in this section, any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made shall, upon demand of the Secretary, surrender such property or rights (or discharge such obligation) to the Secretary, except such part of the property or rights as is, at the time of such demand, subject to an attachment or execution under any judicial process.

(b) Special rule for Life Insurance and Endowment Contracts

(1) In general.--A levy on an organization with respect to a life insurance or endowment contract issued by such organization shall, without necessity for the surrender of the contract document, constitute a demand by the Secretary for payment of the amount described in paragraph (2) and the exercise of the right of the person against whom the tax is assessed to the advance of such amount.  Such organization shall pay over such amount 90 days after service of notice of levy.  Such notice shall include a certification by the Secretary that a copy of such notice has been mailed to the person against whom the tax is assessed at his last known address.

(2) Satisfaction of levy.--Such levy shall be deemed to be satisfied if such organization pays over to the Secretary the amount which the person against whom the tax is assessed could have advanced to him by such organization on the date prescribed in paragraph (1) for the satisfaction of such levy, increased by the amount of any advance (including contractual interest thereon) made to such person on or after the date such organization had actual notice or knowledge (within the meaning of section 6323 (i)(1)) of the existence of the lien with respect to which such levy is made, other than an advance (including contractual interest thereon) made automatically to maintain such contract in force under an agreement entered into before such organization had such notice or knowledge.

(3) Enforcement proceedings.--The satisfaction of a levy under paragraph (1) shall be without prejudice to any civil action for the enforcement of any lien imposed by this title with respect to such contract.

(c) Special Rule for Banks.--Any bank (as defined in section 408(n)) shall surrender (subject to an attachment or execution under judicial process) any deposits (including interest thereon) in such bank only after 21 days after service of levy.

(d) Enforcement of Levy

(1) Extent of personal liability.--Any person who fails or refuses to surrender any property or rights to property, subject to levy, upon demand by the Secretary, shall be liable in his own person and estate to the United States in a sum equal to the value of the property or rights not so surrendered, but not exceeding the amount of taxes for the collection of which such levy has been made, together with costs and interest on such sum at the underpayment rate established under section 6621 from the date of such levy (or, in the case of a levy described in section 6331 (d)(3), from the date such person would otherwise have been obligated to pay over such amounts to the taxpayer).  Any amount (other than costs) recovered under this paragraph shall be credited against the tax liability for the collection of which such levy was made.

(2) Penalty for violation.--In addition to the personal liability imposed by paragraph (1), if any person required to surrender property or rights to property fails or refuses to surrender any property or rights to property without reasonable cause, such person shall be liable for a penalty equal to 50 percent of the amount recoverable under paragraph (1).  No part of such penalty shall be credited against the tax liability for the collection of which such levy was made

(e) Effect of honoring levy.--Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary, surrenders such property or rights to property (or discharges such obligation) to the Secretary (or who pays a liability under subsection (d)(1)), shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment

**Sec. 6333.  PRODUCTION OF BOOKS.**

If a levy has been made or is about to be made on any property, or right to property, any person having custody or control of any books or records, containing evidence or statements relating to the property or right to property subject to levy, shall, upon demand of the Secretary, exhibit such books or records to the Secretary.

**Sec. 6343.  AUTHORITY TO RELEASE LEVY AND RETURN PROPERTY.**

(a) Release of Levy and Notice of Release.--

(1) In general.--Under regulations prescribed by the Secretary, the Secretary shall release the levy upon all, or part of, the property or rights to property levied upon and shall promptly notify the person upon whom such levy was made (if any) that such levy has been released if--

(A) the liability for which such levy was made is satisfied or becomes unenforceable by reason of lapse of time,
(B) release of such levy will facilitate the collection of such liability,
(C) the taxpayer has entered into an agreement under section 6159 to satisfy such liability by means of installment payments, unless such agreement provides otherwise,
(D) the Secretary has determined that such levy is creating an economic hardship due to the financial condition of the taxpayer, or
(E) the fair market value of the property exceeds such liability and release of the levy on a part of such property could be made without hindering the collection of such liability.

For purposes of subparagraph (C), the Secretary is not required to release such levy if such release would jeopardize the secured creditor status of the Secretary

(2) Expedited determination on certain business property.--In the case of any tangible personal property essential in carrying on the trade or business of the taxpayer, the Secretary shall provide for an expedited determination under paragraph (1) if levy on such tangible personal property would prevent the taxpayer from carrying on such trade or business.

(3) Subsequent levy.--The release of levy on any property under paragraph (1) shall not prevent any subsequent levy on such property.

(b) Return of Property.--If the Secretary determines that property has been wrongfully levied upon, it shall be lawful for the Secretary to return--
(1) the specific property levied upon,
(2) an amount of money equal to the amount of money levied upon, or
(3) an amount of money equal to the amount of money received by the United States from a sale of such property

Property may be returned at any time.  An amount equal to the amount of money levied upon or received from such sale may be returned at any time before the expiration of 9 months from the date of such levy   For purposes of paragraph (3), if property is declared purchased by the United States at a sale pursuant to section 6335(e) (relating to manner and conditions of sale), the United States shall be treated as having received an amount of money equal to the minimum price determined pursuant to such section or (if larger) the amount received by the United States from the resale of such property.

(d) Return of Property in Certain Cases.--
If--
(1) any property has been levied upon, and
(2) the Secretary determines that--
(A) the levy on such property was premature or otherwise not in accordance with administrative procedures of the Secretary,
(B) the taxpayer has entered into an agreement under section 6159 to satisfy the tax liability for which the levy was imposed by means of installment payments, unless such agreement provides otherwise,
(C) the return of such property will facilitate the collection of the tax liability, or
(D) with the consent of the taxpayer or the National Taxpayer Advocate, the return of such property would be in the best interests of the taxpayer (as determined by the National Taxpayer Advocate) and the United States,

the provisions of subsection (b) shall apply in the same manner as if such property had been wrongfully levied upon, except that no interest shall be allowed under subsection (c)

\* \* \* \* \* \* \* \* \* \*

Applicable Sections of Internal Revenue Code

6321. LIEN FOR TAXES.
6322. PERIOD OF LIEN.
6325. RELEASE OF LIEN OR DISCHARGE OF PROPERTY.
6331. LEVY AND DISTRAINT.
6332. SURRENDER OF PROPERTY SUBJECT TO LEVY.
6333. PRODUCTION OF BOOKS.
6334. PROPERTY EXEMPT FROM LEVY.
6343. AUTHORITY TO RELEASE LEVY AND RETURN PROPERTY.
7426. CIVIL ACTIONS BY PERSONS OTHER THAN TAXPAYERS.
7429. REVIEW OF JEOPARDY LEVY OR ASSESSMENT PROCEDURES.

For more information about this notice, please call the phone number on the front of this form.

Form 668-A(ICS) (7-2002)