IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARLES SCHWAB & CO., INC., ) | |
| ) | |
| Plaintiff, ) | Civil No. 11-cv-03755 |
| ) | |
| v. ) | (Formerly Index No. 006185/2011 |
| ) | Suffolk County Supreme Court) |
| MALGORZATA MAKOWSKA, ) | |
| NORBERT TROKKI, and THE UNITED ) | |
| STATES OF AMERICA, ) | |
| ) | |
| Defendants. ) | |

**UNITED STATES' ANSWER TO AMENDED COMPLAINT
FOR INTERPLEADER RELIEF**

The United States of America, improperly named and sued as "The United States Department of the Treasury," answers the Complaint as follows.

FIRST DEFENSE

This action is barred by sovereign immunity, as the plaintiff has failed to effect proper service of the summons and the complaint in this action on the United States as required by 28 U.S.C. § 2410(b).

SECOND DEFENSE

The United States Department of the Treasury is not a suable entity.

1.      Plaintiff Schwab is a California corporation with its principal place of business in San Francisco, California. Through its operating subsidiaries, Schwab provides a full range of securities brokerage, banking, money management and financial advisory services to clients around the country.

**ANSWER:**    The United States admits.

2.      Defendants Makowska and Trokki are husband and wife. Upon information and believe, both defendants are residents of Suffolk County, New York. The defendants are parties to a pending matrimonial action in Suffolk County Supreme Court, captioned *Makowska v.*

*Trokki,* Index No. 10-35267 (Behar, J.S.C.)("Divorce Action").

    **ANSWER:**    The United States admits.

3.    Defendant IRS's principal office is in Washington, D.C. and it maintains an office in Buffalo, New York.

    **ANSWER:**    The United States denies that the IRS is properly named as a defendant in this action; avers that the United States of America is the real party in interest in this action; and admits that IRS offices are located in Washington, D.C. and Buffalo, New York.

4.    This action arises out of a dispute between the defendants over the assets in an account held at Schwab.

    **ANSWER:**    The United States lacks knowledge or information sufficient to form a belief as to the truth of this allegation.

5.    In or about April 2007, defendant Trokki opened account No. XXXX-7362 ("Account") at Schwab.  (*See* Exhibit A hereto.)  Defendant Trokki is the record holder of the Account.

    **ANSWER:**    The United States admits that a document attached as Exhibit A to the Complaint purports to be a Schwab One Brokerage Account Application. The United States lacks knowledge or information sufficient to form a belief as to the truth of this allegation.

6.    As of January 31, 2011, the assets in the Account consisted entirely of cash.

    **ANSWER:**    The United States lacks knowledge or information sufficient to form a belief as to the truth of this allegation.

7.    On or about October 14, 2010, defendant Makowska filed an Action for Divorce in New York Supreme Court for Suffolk County.  (A copy of a Summons with Notice is attached hereto as Exhibit B.)

    **ANSWER:**    The United States admits that a document attached as Exhibit B to the Complaint purports to be a Summons with Notice. The United States lacks knowledge or information sufficient to form a belief as to the truth of the balance of this allegation.

8.    On January 19, 2011, by Order to Show Cause, the Court in the Divorce Action ordered that certain property of co-defendant Trokki be "sequestered" and that co-defendant Makowska be appointed "temporary receiver" thereof.  (A copy of the Order to Show Cause is attached hereto as Exhibit C.)  Said property includes "[a]ny and all accounts held by Charles

Schwab & Co., Inc...including [the Account]..."

> **ANSWER:** The United States admits that a document attached as Exhibit C to the Complaint purports to be an Emergency Order to Show Cause and contains the language cited above. The United States lacks knowledge or information sufficient to form a belief as to the truth of the balance of this allegation.

9. Defendant Makowska has requested that certain disbursements be made to her from defendant Trokki's Schwab Account. However, since Schwab's obligations to each of the defendants under the terms of the Order to Show Cause is ambiguous and unclear, any disbursement of or failure to disburse assets from the Account could expose Schwab to liability to either of the defendants.

> **ANSWER:** The United States lacks knowledge or information sufficient to form a belief as to the truth of this allegation.

10. On or about June 10, 2011, the IRS issued a Notice of Levy ("Levy") out of its Buffalo, New York offices to Schwab. (A copy of the Levy is attached hereto as Exhibit D.) The Levy attaches and seeks to have Schwab turn over to the IRS funds in the amount of $404,474.48 held in all Schwab accounts in the name of defendant Trokki.

> **ANSWER:** The United States admits that a Notice of Levy dated June 10, 2011, reflecting the federal income tax liabilities of Norbert I. Trokki for the tax year 2010, was served on Charles Schwab & Co., Inc.; admits that the total amount due on those liabilities as of July 10, 2011, is indicated as $404,474.48 on the Notice of Levy; avers that additional interest has accrued and continues to accrue on those liabilities; and avers that, 21 days after receipt of the Notice of Levy, Charles Schwab & Co., Inc., was obligated under 26 U.S.C. § 6332 to surrender any property in its possession that was subject to this levy.

11. Schwab is unable to ascertain the true and correct ownership of the foregoing assets or the right to manage, control and disburse funds from the Account and is precluded from acting on instructions received. Schwab has been required to commence this interpleader action to determine the rightful owner of the proceeds of the Account.

> **ANSWER:** The United States lacks knowledge or information sufficient to form a belief as to the truth of the first sentence of this allegation. The United States denies that Schwab was required to commence any interpleader action.

12. The claims of the defendants are or may be adverse to each other. By reason of these adverse and conflicting claims, Schwab is unable to adequately respond to and/or act on directions or instructions with respect to the Account.

> **ANSWER:** The United States lacks knowledge or information sufficient to form a belief as to the truth of this allegation.

13. Schwab is indifferent as to whether and to what extent either of the defendants are proper and rightful owners of the proceeds of the Account. Schwab's only interest is in determining proper ownership of the Account; however it is unable to do so by reason of the adverse and conflicting claims and thus files this Complaint for Interpleader Relief.

> **ANSWER:** The United States lacks knowledge or information sufficient to form a belief as to the truth of this allegation.

14. Upon an order from the Court, Schwab is willing and able promptly to pay into Court the full amount of the assets in the Account.

> **ANSWER:** The United States lacks knowledge or information sufficient to form a belief as to the truth of this allegation.

15. Schwab is entitled to an order reimbursing it for the costs of this suit and its reasonable attorneys' fees.

> **ANSWER:** The United States denies. Further answering, the United States avers that its recovery in an action in interpleader may in no event be diminished by any award of attorneys' fees or costs arising out of that action. *See, e.g., United States v. R. F. Ball Constr. Co.*, 355 U.S. 587, 588 (1958).

**WHEREFORE,** the United States seeks judgment in its favor determining that its claim represents the senior secured interest in the funds interpled before this Court, that its distributive share of the interplead fund not be diminished by the claim of any party for costs, expenses, and attorney fees, and such other and further relief as this Court deems just and proper.

LORETTA E. LYNCH
United States Attorney

JOHN A. DiCICCO
Principal Deputy Assistant Attorney General
Tax Division


 */s/ Julie C. Avetta*
JULIE C. AVETTA
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, DC 20044
Telephone: (202) 616-2743
Facsimile: (202) 514-5238
Email:Julie.C.Avetta@usdoj.gov

CERTIFICATE OF SERVICE

      I CERTIFY that the foregoing *United States' Answer to Amended Complaint for Interpleader Relief* has this 5th day of August, 2011, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and that paper copies will be served upon the following by depositing a copy in the United States mail, postage prepaid, addressed to:

Dana J. Finkelstein, Esq.
Steinberg, Fineo, Berger & Fischoff P. C.
40 Crossways Park Drive
Woodbury, New York 11797

Norbert Trokki
61C Commodore Lane
West Babylon, NY 11704


                                                   */s/ Julie C. Avetta*
                                                   JULIE C. AVETTA
                                                   Trial Attorney, Tax Division