UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CHARLES SCHWAB & CO., INC.,

                        Plaintiff,                    **MEMORANDUM & ORDER**
                                                    11-CV-03755 (DRH) (AKT)

        - against -

MALGORZATA MAKOWSKA,
NORBERT TROKKI, and THE UNITED
STATES OF AMERICA,

                        Defendants.
-------------------------------------------------------------X
A P P E A R A N C E S :

**For Plaintiff Charles Schwab & Co., Inc.**
BARITZ & COLMAN LLP
The Woolworth Building
233 Broadway, Suire 2020
New York, New York, 10279
By: David S. Richan

**For the Defendant United States of America:**
KATHRYN KENEALLY
Assistant Attorney General
Tax Division
U.S. Department of Justice
P.O. Box 55
Ben Franklin Station
Washington, D.C. 20044
By: Julie C. Avetta, Esq.

**For Defendant Malgorzata Makowska:**
BLODNICK, FAZIO, & ASSOCIATES PC
1325 Franklin Avenue, Suite 555
Garden City, New York 11530
By: Jessica A. Gould, Esq.

**HURLEY, Senior District Judge:**

       This action for interpleader relief against defendants Norbert Trokki ("Trokki"),

Malgorzata Makowska ("Makowska"), and the United States of America ("United States"), (collectively, "Defendants"), was brought by plaintiff Charles Schwab & Co., Inc. ("Schwab") to determine the rightful owner of proceeds of a Schwab brokerage account.

Presently before the Court is Schwab's motion for discharge of liability and an award of attorney's fees and costs and Makowska's motion for release of the entirety of the interpleader fund to her.

## BACKGROUND

Makowska and Trokki were parties to a matrimonial action pending before the Supreme Court of New York in Suffolk County, which, according to Makowska, she commenced on October 14, 2010 after having been married to Trokki for nearly ten years. On January 19, 2011, the Supreme Court ordered the sequestration of certain of Trokki's properties, including property in accounts held by Schwab, and appointed Makowska temporary receiver of said property pending determination of her motion (the "Sequestration Order"). Makowska subsequently requested that certain disbursements be made to her from Trokki's Schwab Account. However, Schwab believed that because its obligations to Trokki and Makowska under the terms of the Sequestration Order were ambiguous and unclear, any disbursement of or failure to disburse assets from the Account could expose Schwab to liability to either Trokki or Makowska. On February 17, 2011, Schwab commenced an action in the Supreme Court of New York in Suffolk County against Makowska and Trokki for interpleader relief.

Trokki was indebted to the United States for unpaid federal tax liabilities for the income tax year ending December 31, 2010. On May 30, 2011, the United States made an assessment of

2

tax liabilities against Trokki and thereafter filed a Notice of Federal Tax Lien with the Suffolk County Clerk reflecting Trokki's tax liabilities and served a Notice of Levy on Schwab identifying Trokki's Account as a source of funds. On or about July 1, 2011, Schwab filed an Amended Complaint in the Supreme Court naming the United States Department of Treasury as an additional defendant. Thereafter, on August 3, 2011, the United States removed this action to the United States District Court for the Eastern District of New York, noting that Schwab had improperly named and sued the United States Department of Treasury as a defendant when the United States of America was the proper defendant.

According to Schwab, it was unable to ascertain the true and correct ownership of the assets or the right to manage, control and disburse funds from the Account and therefore it commenced the interpleader action to determine the rightful owner of the proceeds of the Account. Schwab paid the disputed funds from the Account, $569,063.61 into court custody ("Interpleader Fund"). By Order dated March 18, 2014, this Court directed the Clerk of Court to remit payment to the United States from the Interpleader Fund the amount of $529,858.26 in payment of Trokki's federal tax liability. Thus approximately $39,000 remains in the Interpleader Fund.

Schwab seeks $23,544.13 in attorney's fees and costs. Makowska maintains she is entitled to the entire balance of the Interpleader Fund as Schwab did not properly commence the interpleader action and because she is entitled to receive 25% of the amount in Trokki's Schwab account that she was awarded in the divorce action, as well as additional monies that remain owing by Trokki to her . Alternatively, she argues that, at best, Schwab should receive $9,696.89

3

in fees and costs.

## DISCUSSION

### I. The Motion for Discharge of Liability

Makowska opposes Schwab's discharge from liability on the grounds that interpleader relief was not properly sought. The Court finds this argument without merit.

Schwab originally commenced this action pursuant to New York's Interpleader Rule under which "a person who is or may be exposed to multiple liability as the result of adverse claims" may "commence an action against two or more claimants." N.Y. CPLR § 1006(a). The Rule defines a claimant as "a person who has made or may be expected to make such a claim." *Id*. "The interpleader plaintiff is not required to assess the legal validity of the competing claims against it; interpleader is proper so long as the party requesting it has real or reasonable fear of double liability or vexatious, conflicting claims." *Bank of New York v. First Millennium, Inc.*, 607 F.3d 905, 922 (2d Cir. 2010) (internal quotation marks and citation omitted).

Here, at the time the interpleader was commenced Schwab had a reasonable fear that in addition to Makowska's claim to the funds, Trokki, as account holder of record, could be expected to make a claim. It matters not that Trokki did not actually make a claim at that time as he was one who "may be expected to make such a claim" given his rights as the account holder of record. Nor was that reasonable fear negated by the Receivership Order entered by the State Court as that Order appointed Makowska temporary receiver only "pending the hearing and determination" of the motion. (*See* Ex. E to DE 59.) Indeed, that appointment was not continued when the motion was determined. (*See* Ex. G to DE 59.)

4

Inasmuch as Schwab is an innocent stakeholder and that commencement of the interpleader action was appropriate, Schwab's motion for discharge from liability is granted.

## II. Schwab's Request for Attorneys Fees and Costs

CPLR § 1006 provides that "[t]he court shall impose such terms relating to payment of expenses, costs and disbursements as may be just and which may be charged against the subject matter of the action." N.Y. CPLR §1006. Court have favored awards of attorney's fees to neutral stakeholders, *see, e.g., Sun Life Ins. Co of New York v. Braslow*, 38 A.D.2d 529, 831 N.Y.S.2d 497, 498-99 (2d Dept. 2007). However, "courts need not award attorneys' fees in interpleader actions where the fees are expenses incurred in the ordinary course of business." *Travelers Ins. Co. v. Estate of Garcia*, 2003 WL 1193535, at *4 (E.D.N.Y. Feb. 4 2003).

A "typical interpleader claim does not involve extensive or complicated litigation, and thus fees should be relatively modest." *Estate of Wellington v. EMI Music Publishing*, 282 F. Supp.2d 192, 194 ( S.D.N.Y. 2003); *see also Weininger v. Castro*, 462 F. Supp.2d 457, 502 (S.D.N.Y. 2006) ("In the usual case the [attorney's] fee will be relatively modest, inasmuch as all that is necessary is the preparation of a petition, the deposit in court or posting of a bond, service on the claimants, and the preparation of an order discharging the stakeholder." (quoting 7 Wright, Miller & Kane, Federal Practice and Procedure § 1719 at 686–87 (3d ed. 2001)); *Lincoln Life and Annuity Co. of New York v. Caswell*, 31 A.D.3d 1, 813 N.Y.S.2d 385 (1st Dept. 2006) ("any award of attorney's fees should be limited" as the stakeholder has no interest in the underlying dispute and must only establish its entitlement to interpleader relief).

Makowska does not contest the rates sought by Schwab's attorneys. Rather she asserts that at best Schwab is entitled to $9,695,89 as the additional amount it seeks are for (1)

5

preliminary or matrimonial issues not involved with interpleader; (2) participation in the instant action pre-deposit; and (3) participation in the instant action post-deposit. Alternatively, she contends any award should be divided among all three defendants.

Having examined the time sheets submitted by Schwab in support of its attorney's fees application, the Court finds a reduction in the amount of $700.00 is appropriate for work in connection with "preliminary or matrimonial issues not involved in with interpleader." The full credit sought by Makowska is not appropriate in this Court's view because of there was some interrelationship between matrimonial action and the interpleader.

With respect to Makowska's assertion that no fees should be awarded for Schwab's participation in the instant action pre-deposit, the Court is underwhelmed. First, a stakeholder should not be disadvantaged for participating in a litigation to which it is a party. Moreover, a review of the procedural history in this case reveals that Schwab first sought to deposit the funds approximately twenty days after the interpleader action was removed to this Court. Given the promptness with which Schwab sought to deposit the funds, attorney's fees for this period are appropriate.

The Court does agree, however, that Schwab should not receive attorney's fees for Schwab's participation in this action once it deposited the Interpleader Funds into this Court. As a neutral stakeholder, Schwab should have moved for discharge of liability at that point which would have relieved it from any obligation to continue to participate in this action, in the event the motion was granted, or provided a basis for the fees it now seeks, in the event it was denied. Excluding attorney's fees for Schwab's participation in this action after the deposit of the

6

Interpleader Funds, reduces fees and costs to $13,626.89.[1]

Finally, the Court has reviewed the billing statements submitted in support of Schwab's application, the Court feels constrained to decrease the $13,626.89 by an additional $2,000. The reduction is appropriate to account for time not properly billed to this matter (e.g. registering for attorney e-filing, preparing and reviewing disclosure).

Makowska's argument that the amount of these fees should not be paid out of the Interpleader Fund or alternatively should be split between the three defendants is unavailing. With respect to the United States, the Court has already determined Makowska's argument that her interest in the Interpleader Fund as marital property does not take priority over the federal tax lien. (*See* Memorandum & Order dated January 31, 2014 at p. 9.) And while the Court is not unsympathetic to her circumstances and does not condone Trokki's alleged conduct, the Court does not think it appropriate to deny Schwab, a disinterested stakeholder, satisfaction of its attorney's fees out of the Interpleader Fund.

Finally, the Court notes that while Trokki has participated in this action, he did not filed an answer asserting any claim to the Interpleader Funds. Accordingly, it is appropriate for this Court to order that once the payment of $11,626.89 from the Interpleader Funds is made to Schwab, the balance of the Interpleader Funds are to be paid to Makowska.

## CONCLUSION

For the reasons set forth above, Schwab's motion for discharge of liability and an award of attorney's fees and costs is granted in part and denied in part, and Makowska's motion for

---

[1] This reflects the amounts billed Schwab by its counsel through the invoice dated October 10, 2011, less the $700.00 for issues not involved in the interpleader.

release of the entirety of the interpleader fund to her is denied. The parties shall confer and submit a proposed order consistent with the foregoing under cover of letter within ten (10) days of the date of this order.

Dated: Central Islip, New York
      February 11, 2015                        /s/   Denis R. Hurley
                                                                Denis R. Hurley
                                                                 United States District Court Judge